ILLINOIS EMERGENCY RELIEF COMMISSION, No. 28.

EDWIN E. DENMAN, Claimant, *vs.* ILLINOIS EMERGENCY RELIEF COMMISSION, Respondent.

*Opinion filed September 14, 1938.*

802

ADVISORY OPINION BY MR. JUSTICE YANTIS.

*To the Illinois Emergency Relief Commission:*

Pursuant to your request for an Advisory Opinion, based upon the statement of facts submitted by you in the matter of the claim of *Edwin E. Denman* vs. *Illinois Emergency Relief Commission* (No. 28), the court finds:

That on August 6, 1934 Edwin E. Denman of McHenry, Illinois, was assigned to work on Project No. S255-B16-41 for general repairs and alterations at the State Fish Hatchery at Spring Grove, Illinois. On the day stated claimant with other workmen was riding in a truck owned and operated by the Division of Highways of the State of Illinois, enroute from McHenry to the State Fish Hatchery at Spring Grove. As the truck neared the intersection with State Route No. 60 and the Johnsburg Road, it slowed down but did not stop. The front side of the left rear wheel was struck by an automobile that was traveling eastward on Route No. 60, driven by one George Stiener. The truck was turned over and the rear end swung around in a half circle in the ditch on the east side of the Johnsburg Road. Claimant was thrown into the ditch and sustained "a fracture of the transverse process of first lumbar, with left shoulder showing separation of Acromeo Clavicular ligament; left elbow dislocated, lumbar region showing deep contusions and causing kidney injury resulting in passing of blood." Various X-ray pictures were taken. Claimant was put on a fracture bed in the Hospital at Waukegan and was examined by Dr. Emil Hauser, Orthopedic Surgeon of Chicago.

From a supplemental statement filed herein, it further appears that Dr. C. W. Klontz, of Waukegan, who attended claimant during his convalescence, treated the patient on an average of twice a week from the date of the injury, that the latter was compelled to remain in the Hospital until the 1st day of September, 1934, and that he was temporarily and totally incapacitated from the date of the accident until the 15th day of November, 1935.

It further appears from the statement submitted that claimant was forty-two years of age and lived with his wife

and three children, all of whom were under sixteen years of age at the time of the accident in question; further, that claimant has heretofore filed a claim in this court entitled, *Edwin E. Denman* vs. *State of Illinois,* Court of Claims, No. 2691; further, that he and his attorney have entered into a stipulation with your Commission that they will dismiss said claim upon a settlement by your Commission with him, in the sum of Eight Hundred ($800.00) Dollars in full satisfaction of all rights and demands which he might have growing out of said accident.

The court is of the opinion and we find that at the time of the accident in question, claimant and his employer were operating under and bound by the provisions of the Workmen's Compensation Act; that said accident arose out of and in the course of such employment; that the period of temporary total incapacity as shown by the statement submitted was in excess of sixty-four (64) weeks, and that claimant would be entitled to not less than the said sum of Eight Hundred ($800.00) Dollars, in satisfaction of temporary total disability under the provisions of section 8 of the Workmen's Compensation Act of Illinois.

We therefore find that the proposed settlement may properly be made with the claimant. We are further of the opinion that such claim should be subject to the following provisions, to-wit:

First: That the claim of *Edwin E. Denman* vs. *State of Illinois,* Court of Claims, No. 2691, now pending in the Court of Claims should be dismissed.

Second: That payment of the above compensation shall be made by the Illinois Emergency Relief Commission out of any funds held by it and allocated for the payment of such claims.